# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROBERT SMITH III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:19-cv-00197** |
| **v.** | ) | **Judge Trauger / Frensley** |
| | ) | |
| **THE KROGER CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

### I.  Introduction and Background

This matter is pending before the Court upon Defendant's Motion for Judgment on the Pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Docket No. 8. Along with its Motion, Defendant has filed an accompanying Memorandum of Law. Docket No. 9.  As grounds for its Motion, Defendant argues that this action should be dismissed because: (1) "Plaintiff released all possible claims against Kroger"; (2) "Plaintiff failed to exhaust his administrative remedies as to any ADA claim"; (3) "Plaintiff fail[ed] to assert plausible claims for relief under the ADA or Title VII"; (4) "Plaintiff's federal lawsuit is time-barred"; and (5) "Plaintiff has failed to sue or serve process on his former employer." Docket Nos. 8, 9.

Plaintiff has not filed a Response to the instant Motion.

Plaintiff filed his *pro se, in forma pauperis* Complaint on March 4, 2019, alleging that Defendant violated his rights under 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and 42 U.S.C.

1

§§ 12112 to 12117 ("ADA"), by discriminating against him based on his race and sex and retaliating against him. Docket No. 1, pp. 3-4. Plaintiff avers that he was constructively discharged on June 22, 2018. *Id.* at 4. The allegations of Plaintiff's Complaint, in their entirety, are as follows:

> I have copyrights and books that I have written. Kroger Grocery made a false file that I had made terrorist threats. This has been harmful in a major way to me.

*Id.* at 6. Plaintiff seeks "the statute of limitations that I can receive due to discrimination based on Race, Sex, Retaliation." *Id.* at 6.

Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 17, 2018. Docket No. 1-1, pp. 3-4. The allegations of Plaintiff's EEOC Charge of Discrimination, in their entirety, are as follows:

> I am a Black/African American male with a disability. I was hired by the Respondent on May 6, 2017 as a Produce Clerk. I was forced to resign (constructively discharged) June 22, 2018. I believe I was subjected to sexual harassment and then retaliated against (suspended) for complaining, which led to my resignation (constructive discharge). This employer has at least 15 employees.
>
> In May, 2018, I was hit with a crate by a White/Caucasian female coworker, Phone Harrington. On May 30, 2018, I complained to my Manager, David Hill. I also reported that Ms. Harrington has sexually harassed me by grabbing my butt. During this meeting, I was accused of being part of the Waffle House Shooting in response to my comment that Kroger is going to feel the wrath of umbrella clouds (explosions). The Respondent called the Police and I was suspended for one month while Ms. Harrington was not disciplined. On June 20, 2018, the Respondent accused me of making gunshot gestures with my hands and flirting with customers. They stated this was observed on video. I requested a copy of the video, but was denied. I then submitted my resignation (constructive discharge) on June 22, 2018.

2

> I believe that I was retaliated against for opposing unlawful employment practices and discriminated against based on my, [*sic*] race.

*Id.*

The EEOC issued Plaintiff's Right to Sue letter on November 20, 2018. *Id.* at 1-2.

For the reasons stated below, the undersigned finds that, regardless of Plaintiff's procedural defects, taking the allegations of Plaintiff's EEOC Charge of Discrimination and Complaint as true, Plaintiff's allegations fail to assert plausible claims for relief under the ADA or Title VII. The undersigned therefore recommends that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) be GRANTED.

## II. Law and Analysis

### A. Judgment on the Pleadings

Fed. R. Civ. P. 12(c) states:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...

Judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (internal citations omitted). When evaluating a Motion for Judgment on the Pleadings, the Court may consider all of the pleadings and any attachments to them. *See* Fed. R. Civ. P. 10(c). The Court is required to construe the facts in the light most favorable to the nonmoving party, and must accept the nonmovant's allegations as true. *Wallin v. Norman*, 317 F.3d 558, 561 (6th Cir. 2003) (*citing*

3

*Lavado*, 992 F.2d at 605 (internal citations omitted)). Despite the Court's responsibility to liberally construe the facts in favor of the nonmoving party, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

As Fed. R. Civ. P. 12(c) states, however, if the Court considers materials outside of the pleadings and their attachments, the Motion for Judgment on the Pleadings is to be treated as a Motion for Summary Judgment, subject to the standards discussed above.

## B. Title VII of the Civil Rights Act of 1964

As noted, Plaintiff avers that he was discriminated on the basis of his race and sex, and further avers that he was retaliated against. Docket Nos. 1, 1-1.

### 1. Generally

Title VII protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

It shall be an unlawful employment practice for an employer--

(1)  to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2)  to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or

4

national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52 L. Ed. 2d 571 (1977). Additionally, the claimant has ninety days upon receipt of a right to sue letter from the EEOC to file a Title VII complaint in federal court. *A've v. Serv. Emps. Intern. Union*, 24 F. App'x. 326, 329 (6th Cir. 2001) (*citing* 42 U.S.C. § 2000e-5(f)(1)). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

In order to establish a prima facie case of discrimination in violation of Title VII, Plaintiff must prove that,

      (1)      he is a member of a protected class;

(2)     he was qualified for his job and performed it satisfactorily;

(3)     despite his qualifications and performance, he suffered an adverse employment action;[1] and

(4)     that he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (Footnote added).

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000), *citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated him because of his protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572 (*citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989))).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence

_____

[1] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

6

approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then prove that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that: (1) the stated reasons had no basis in fact; (2) the stated reasons were not the actual reasons; or (3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

### 2. Retaliation

An employer may not retaliate against an employee because he has opposed an unlawful employment practice, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation requires Plaintiff to demonstrate that:

(1)     He engaged in a protected activity;

(2)     Defendant knew that Plaintiff was exercising protected

7

rights;

    (3)    Plaintiff suffered an adverse employment action or was
subjected to severe or pervasive retaliatory harassment by a
supervisor; and

    (4)    There was a causal connection between the protected
activity and the adverse employment action or harassment.

*Little v. BP Exploration and Oil Co.,* 265 F.3d 357, 363 (6th Cir. 2001); *Morris v. Oldham Co.
Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

    Retaliation claims are evaluated under the *McDonnell Douglas-Burdine* tripartite test
discussed above. *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 862 (6th Cir. 1997).

## C.  Americans with Disabilities Act of 1990 ("ADA")

    Plaintiff additionally avers that Defendant violated his rights under the ADA.  Docket No.
1. The ADA protects employees from discrimination based on their disabilities. Federal courts do
not have jurisdiction to hear ADA claims unless the claimant explicitly files the claim in an
EEOC charge. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (*citing*
42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853
(6th Cir. 2000)), *cert. denied*, 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001). Thus, as a
prerequisite to bringing an ADA discrimination claim in federal court, a claimant is required to
file a Charge of Discrimination or retaliation with the EEOC and is precluded from seeking
judicial review until the Commission has made a final disposition of his claim. *Id.* Additionally,
the claimant has ninety days upon receipt of a Right To Sue letter from the EEOC to file an ADA
complaint in federal court. *McGhee v. Disney Store*, 53 F. App'x 751, 752 (6th Cir. 2002) (*citing*
42 U.S.C. § 12117(a); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989)).

8

In order to prevail on a claim of unlawful employment discrimination under the ADA, Plaintiff must demonstrate that:

> (1)    he is, or was perceived as, an individual with a disability;
>
> (2)    he is otherwise qualified to perform the job requirements either:
>
> > (a)    with or without a reasonable accommodation from the employer, or
> >
> > (b)    with an alleged "essential" job requirement eliminated; and
>
> (3)    he suffered an adverse employment action "because of" his disability.

*Monette v. Electronic Data Sys. Corp.,* 90 F.3d 1173, 1178 (6th Cir. 1996). *See also* 42 U.S.C. §§ 12111 and 12112.

**D.  Case at Bar**

As discussed above, Defendant argues that this action should be dismissed because: (1) "Plaintiff released all possible claims against Kroger"; (2) "Plaintiff failed to exhaust his administrative remedies as to any ADA claim"; (3) "Plaintiff fail[ed] to assert plausible claims for relief under the ADA or Title VII"; (4) "Plaintiff's federal lawsuit is time-barred"; and (5) "Plaintiff has failed to sue or serve process on his former employer." Docket Nos. 8, 9.

Addressing first Defendant's statute of limitations argument, Defendant is correct that Plaintiff had ninety days after receipt of his Right to Sue letter in which to file suit. *See* Docket No. 1-1. Defendant is also correct that Plaintiff filed suit one hundred and four days after receiving his Right to Sue letter. *Compare* Docket No. 1 *with* Docket No. 1-1. Under the materials submitted, the undersigned cannot determine whether Plaintiff had good cause for

9

filing the instant action fourteen days after the expiration of the filing period, nor can the undersigned determine whether other equitable or tolling grounds exist. Because, as will be demonstrated below, Plaintiff's claims fail as a matter of law, however, it is unnecessary for the undersigned to make such determinations.

Turning next to Defendant's service of process argument, although Defendant is correct that Kroger Limited was not served, the record reflects that, under the direction of this Court, service was issued to and returned executed by Kroger Grocery. *See* Docket Nos. 4, 5, 6. Approximately two weeks after service on Kroger Grocery was returned executed, Defendant contemporaneously filed its Verified Answer to the Complaint, the instant Motion, the instant supporting Memorandum of Law, and a Business Entity Disclosure Statement. *See* Docket Nos. 6, 7, 8, 9, 10. Defendant therefore had notice of this action and Plaintiff's claims. As will be discussed below, because Plaintiff's claims fail as a matter of law, however, ordering proper service would be moot.

With regard to Defendant's argument that Plaintiff's claims are barred because he signed a waiver releasing all claims against Kroger, the record reflects that Plaintiff signed a Grievance Settlement Form on June 20, 2018, which states, in its entirety, as follows:

> On this date, June 20, 2018, I, Robert Smith, have accepted the following conditions, as non-precedent settlement of all grievances, claims and/or charges:
>
> • The Company agrees pay Robert Smith for 29 hours vacation and 10 hours personal time minus all applicable deductions.
>
> • By signing this settlement, Robert Smith resigns from Kroger effective today.

10

> I, Robert Smith, hereby release and forever discharge Kroger, its successors, subsidiaries, employees, officers and other directors, and United Food and Commercial Workers Local No. 1995, its successors, employees, officers and directors, from all claims, liabilities, demands and causes of actions, whether known or unknown, fixed or contingent, which I may have or claim to have against the Company or the Union as a result of my employment with the Company or the termination thereof, and do hereby covenant not to file a lawsuit to assert such claims. This release includes but is not limited to claims arising under federal, state or local laws, all labor and employment laws, laws prohibiting employment discrimination, and collective bargaining agreements, and claims arising out of wrongful discharge or other tort like claims, from the beginning of time up to and including the date of this release.
>
> I further acknowledge and agree that United Food and Commercial Workers Local No. 1995 has handled my grievance satisfactorily and hereby specifically release the Union from all further obligation, responsibility and/or liability concerning any grievance actions instituted by me prior to the date of this document and agree that the Union may withdraw the grievance filed on my behalf.
>
> This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and such counterparts shall constitute one and the same instrument.

Docket No. 7-2.

Properly executed waivers of possible employment-related discrimination claims knowingly and voluntarily made between an employee and his employer will generally be enforced absent the typical exceptions, including lack of consideration. *Shaheen v. B.F. Goodrich Co.,* 873 F.2d 105, 107 (6th Cir. 1989). Consideration is "[s]omething (such as an act, a forbearance, or a return promise) bargained for an received by a promisor from a promisee." Black's Law Dictionary (8th ed.2004); *see also* Restatement (Second) of Contracts § 71 (1981).

The Grievance Settlement Form at issue was a one-page document that clearly stated the

11

terms of the agreement. Docket No. 7-2. The Grievance Settlement Form provided that, in exchange for payment for twenty-nine hours of vacation time and ten hours of personal time minus all applicable deductions, Plaintiff agreed to resign immediately, release all claims against Kroger, and release the Union from further obligation to represent him in his grievance. *Id.* Thus consideration was present. Moreover, Curtis Murray, a Union representative for Plaintiff, and Kim Keeth also signed the settlement agreement. *Id.* The aid of a Union representative adds additional support that Plaintiff signed the agreement both knowingly and voluntarily. *See, e.g., Sako v. Ohio Dept. Of Admin. Servs.*, 278 F. App'x 514, 518-19 (6th Cir. 2008). Plaintiff's properly executed Grievance Settlement Form released his right to file claims against his employer.

Even if Plaintiff had not signed a properly executed Grievance Settlement Form, however, his claims fail as a matter of law. With regard to Plaintiff's ADA claim, Plaintiff did not check the "disability" box on his EEOC Charge of Discrimination, nor did he allege facts that would suggest that he was asserting an ADA claim. *See* Docket No. 1-1. In fact, the only reference to Plaintiff having a disability is his statement, "I am a Black/African American male with a disability. " *Id.* Other than noting that he was an African American male with a disability, Plaintiff proffered no allegations in either his EEOC Charge of Discrimination or his Complaint that he was otherwise qualified to perform his job requirements with or without a reasonable accommodation, or with an essential job requirement eliminated, nor has he proffered allegations that he suffered an adverse employment action "because of" his disability. *Compare* Docket Nos. 1, 1-1 *with Monette,* 90 F.3d at 1178; 42 U.S.C. §§ 12111 and 12112. Absent such allegations, Defendant is entitled to a judgment as a matter of law with regard to Plaintiff's ADA

12

claims. *Id.  See also, Parry*, 236 F.3d at 309; *Jones*, 209 F.3d at 853, 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1).

Plaintiff's Title VII race and sex claims are likewise legally deficient, as Plaintiff proffered no allegations in either his EEOC Charge of Discrimination or his Complaint that he was qualified for his job and performed it satisfactorily.  *See* Docket Nos. 1, 1-1.  Absent allegations relating to all essential elements of his claim, Plaintiff cannot prevail and Defendant is entitled to a judgment as a matter of law.

Finally, Plaintiff's Title VII retaliation claim is legally deficient because Plaintiff proffered no allegations in either his EEOC Charge of Discrimination or his Complaint that there was a causal connection between the protected activity and the adverse employment action or harassment.  *See* Docket Nos. 1, 1-1.  In fact, Plaintiff averred in his EEOC Charge of Discrimination that he made the "comment that Kroger is going to feel the wrath of umbrella clouds (explosions)" and that Defendant then suspended him and called the police.  Docket No. 1-1. Taking Plaintiff's allegations as true, Defendant suspended him and called the police because Plaintiff threatened that Kroger would "feel the wrath of umbrella clouds (explosions)." Defendant is likewise entitled to a judgment as a matter of law on Plaintiff's retaliation claim.

### III.  CONCLUSION

For the reasons discussed above, the undersigned finds that, regardless of Plaintiff's procedural defects, taking the allegations of Plaintiff's EEOC Charge of Discrimination and Complaint as true, Plaintiff's allegations fail to assert plausible claims for relief under the ADA or Title VII.  The undersigned therefore recommends that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge

14